UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN E. DAVIS,<br>        Plaintiff,<br>   v.<br>PHILLIPS 66,<br>        Defendant. | Case No. 17-cv-00128-JST<br><br>**ORDER GRANTING MOTION TO COMPEL PRODUCTION**<br>Re: ECF No. 40 |

Pending before the Court is the parties' discovery letter brief in which Defendant Phillips 66 Company ("Phillips") seeks leave of court to file a motion to compel Plaintiff Franklin E. Davis to produce a signed authorization releasing his cell phone records from Verizon Wireless and/or a motion to compel Verizon to comply with a subpoena that Phillips served upon it. ECF No. 40.

The request for relief of any kind with regard to the Verizon subpoena is denied. The parties did not include Verizon in their communication with the Court, and the Court will not entertain an ex parte request. The parties are reminded that seeking the Court's assistance with regard to third party discovery requires involvement of that third party.

The Court will construe the request for leave to file a motion to compel Plaintiff Davis to produce a signed authorization as a motion to compel that production in the first instance. The Standing Order for All Civil Cases Before District Judge Jon S. Tigar makes clear that the parties' joint letter brief should fully describe the parties' dispute and the Court will order the filing of a motion only if necessary. Here, the parties' letter is all the Court needs.

Plaintiff objects to production of his cell phone records on grounds of relevance.[1] The objection is not persuasive. Phillips states without contradiction that Davis denies having received calls that Phillips' employees made to him, and the phone records will show these denials to be false. This is more than enough to make the records relevant. Whether they are admissible is a wholly separate question, which the Court will consider if a party files a motion in limine.

Plaintiff Davis also objects that Phillips requested Davis' authorization after the fact discovery cut-off. The fact is, however, that Davis consented to production of the records before the discovery cut-off. See ECF No. 40-7 at 2. It would be inequitable to apply the discovery cut-off as Davis proposes.

Because the records are relevant, and Plaintiff's objections are not persuasive, Phillips' motion to compel is granted. Davis will produce a signed authorization for production of his cell phone records to Phillips by January 12, 2018 at noon.

During the parties' meet and confer efforts, Phillips' lawyer agreed that Phillips would not seek "the content of any text, SMS, picture, or MMS messages." ECF No. 40-11 at 3. Phillips will abide by this agreement in its dealings with Verizon.

**IT IS SO ORDERED.**

Dated: January 5, 2018

_____
JON S. TIGAR
United States District Judge

---

[1] In the objection he served on Phillips, Plaintiff also objected to production of his cell phone records based on privacy and overbreadth. Plaintiff does not interpose or discuss these objections in his portion of the parties' letter brief, and the Court concludes that he has abandoned them.