UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN E. DAVIS,<br>　　　　Plaintiff,<br>　v.<br>PHILLIPS 66,<br>　　　　Defendant. | Case No. 17-cv-00128-JST<br>**ORDER DENYING MOTION TO STRIKE EXPERT TESTIMONY**<br>Re: ECF No. 67 |

Now before the Court is Defendant's motion to exclude Plaintiff's expert witnesses on the ground that Plaintiff's expert disclosures were inadequate. ECF No. 67. Defendant asks the Court to strike the disclosures and "prevent Plaintiff from presenting at trial expert testimony or opinions from any of the persons he identified in his expert disclosures." Id. The Court will deny the motion.

Plaintiff timely served his expert disclosures on December 28, 2017, identifying three treating physicians. As to each of these witnesses, Rule 26(a)(2)(C) required Plaintiff to state (1) "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705," and (2) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(C)(2). Plaintiff's disclosures contained none of this information.

Defendant then took the depositions of each of Plaintiff's experts. Before taking these depositions, Defendant obtained Plaintiff's medical records. Defendant also designated rebuttal experts to meet the testimony of Plaintiff's treating physicians.

Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition to, or instead of that sanction, the court may also impose any of the other appropriate sanctions provided for in Rule 37. Fed. R. Civ. P. 37(c)(1)(C). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012).

That rule "gives teeth" to Rule 26's disclosure and supplementation requirements, including the requirement that parties disclose expert reports "at the times and in the sequence that the court orders." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); Fed. R. Civ. P. 26(a)(2)(D). The Advisory Committee Notes to the 1993 amendments to Rule 37 describe subsection (c)(1) as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material" that must be disclosed pursuant to Rule 26. Rule 37(c)(1) sanctions based on failure to disclose evidence in a timely manner may be appropriate "even when a litigant's entire cause of action or defense" will be precluded. Yeti, 259 F.3d at 1106. The Ninth Circuit has recognized, however, that "evidence preclusion is, or at least can be, a 'harsh' sanction." R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012) (quoting Yeti, 259 F.3d at 1106).

Plaintiff offers no justification for the inadequacy of his disclosures, and the Court concludes that his failure to comply with Rule 26(a)(2)(C) was not substantially justified.

The question of prejudice is more complicated. Defendant argues "Defendant is denied a meaningful opportunity to depose or examine the witnesses regarding the opinions Plaintiff proposes to offer at trial in advance of trial." ECF No. 67. But Defendant took the witnesses' depositions, so this cannot be correct. And Defendant has designated rebuttal experts. Courts that have imposed an exclusion sanction have generally done so when the complaining party was unable to take discovery or respond to her opponent's testimony. See, e.g., GoPro, Inc. v. C&A Mktg., Inc., No. 16-CV-03590-JST, 2017 WL 2335377, at *4 (N.D. Cal. May 30, 2017) ("Due to C&A's belated expert disclosure, GoPro had no opportunity to take Dr. Bovik's deposition in advance of its opening brief or to offer its own expert declaration to address the opinions likely to

be offered by Dr. Bovik."); Ass'n of Christian Sch. Int'l v. Stearns, 678 F. Supp. 2d 980, 987 (C.D. Cal. 2008) ("Defendants are prejudiced as they are unable to have their experts rebut the opinions of the Plaintiffs' experts."), aff'd, 362 F. App'x 640 (9th Cir. 2010); Galentine v. Holland Am. Line-Westours, Inc., 333 F. Supp. 2d 991, 993–94 (W.D. Wash. 2004) (denying exclusion where defendants were able to take a late-disclosed expert's deposition before trial). No such prejudice appears in this record.

Plaintiff's discovery conduct undeniably fell short of what is required by the rules. Given the lack of prejudice to Defendant, however, exclusion would be too extreme a remedy. As Defendant seeks no lesser remedy, the Court denies the motion in its entirety.

**IT IS SO ORDERED.**

Dated: February 2, 2018

_____
JON S. TIGAR
United States District Judge