UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN E. DAVIS,<br>    Plaintiff,<br>v.<br>PHILLIPS 66,<br>    Defendant. | Case No. 17-cv-00128-JST<br><br>**STATEMENT OF DECISION** |

Plaintiff Franklin E. Davis filed this action against Defendant Phillips 66 Company alleging the following claims: Count One - Disability Discrimination (Americans with Disabilities Act ("ADA")); Count Two - Disability Discrimination (state law); Count Three - Failure to Reasonably Accommodate (state law); Count Four – Failure to Engage in the Interactive Process (state law); Count Five – Harassment (state law); Count Six – Retaliation (ADA); Count Seven – Retaliation (state law); and Count Eight – Failure to Prevent Retaliation (state law). ECF No. 1.

The Court dismissed Counts One through Five on summary judgment prior to trial. ECF Nos. 39, 109. Counts Seven and Eight were tried to a jury on March 5, 6, 7, 8, 12, 13, and 14. On March 15, 2018, the jury returned a verdict in Phillips 66's favor. ECF No. 153.

The remaining count, Count Six – Retaliation under the ADA, is an equitable claim. *See, e.g., Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269 (9th Cir. 2009) (retaliation under the ADA is an equitable claim); *see also* ECF No. 131 at 21:25-22:3. Accordingly, that claim was tried to the Court based upon the evidence presented during the jury trial.

Having considered the evidence on that claim, and the argument of counsel, and good cause appearing, the Court now rules as follows:

**I.      STANDARD FOR FACTUAL FINDINGS FOLLOWING JURY TRIAL**

When a plaintiff brings both legal and equitable claims "based on the same facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations in deciding the legal claim." *Miller v. Fairchild Industries, Inc.*, 885 F.2d 498, 507 (9th Cir. 1989); *see also United States SEC v. Jensen*, 835 F.3d 1100, 1111 (9th Cir. 2016) ("…the right to a jury trial exists only for legal and not equitable claims, but the jury serves as the finder of fact for 'issues common to both claims.'" (*quoting Tull v. United States*, 481 U.S. 412, 425 (1987)). Accordingly, in rendering its decision on the remaining equitable claim, this Court looks to and will not disturb the implicit or explicit factual determinations made by the jury in deciding the legal claims tried to it.

## II. DISCUSSION

Retaliation claims under the ADA are subject to the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014). Under that framework, an employee challenging an adverse employment action has the initial burden of establishing a prima facie case of retaliation. "The burden then shifts to the employer to provide a legitimate, non-discriminatory (or non-retaliatory) reason for the adverse employment action. If the employer does so, then the burden shifts back to the employee to prove that the reason given by the employer was pretextual." *Id.*

### A. Prima Facie Case Requirement

The Americans with Disabilities Act (ADA) includes an anti-retaliation provision. 42 U.S.C. § 12203(a) ("No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act, or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."). "To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007). To establish this "causal link," Davis "must show 'by a preponderance of the evidence that engaging in the protected activity was one of the reasons for [his] firing and that but for such activity [he] would not have

2

been fired.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064–65 (9th Cir. 2002) (quoting *Ruggles v. California Polytechnic State Univ.,* 797 F.2d 782, 785 (9th Cir.1986)).

### 1. Protected Activity

Plaintiff's complaint alleges that "Defendant retaliated against Plaintiff because he requested reasonable accommodation, in violation of the ADA." ECF No. 1 ¶ 28. Under the ADA, making a good faith request for a reasonable accommodation is a protected activity. *Coons v. Sec'y of the United States Dep't of the Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (*citing Heisler v. Metro. Council*, 339 F.3d 622, 630 n.5 (8th Cir. 2003); *see also Heisler,* 339 F.3d at 632 ("An individual who is adjudged not to be a 'qualified individual with a disability' may still pursue a retaliation claim under the ADA, as long as she had a good faith belief that the requested accommodation was appropriate." (internal citations omitted). Following *Coons* and based upon the plain language of 42 U.S.C. § 12203(a), opposing not being given a reasonable accommodation is also a protected activity for purposes of an ADA retaliation claim.

In its answer to Question No. 1 on the verdict form, the jury found that Davis "oppose[d] not being given a reasonable accommodation," ECF No. 153 at 1, and the necessary implication of this finding is that Plaintiff requested such an accommodation. Because this Court must follow the jury's "implicit or explicit factual determinations," *Miller,* 885 F.2d at 507, this Court finds that Plaintiff has engaged in protected activity for purposes of an ADA retaliation claim by both requesting a reasonable accommodation and opposing not being given a reasonable accommodation.

### 2. Adverse Employment Action

Davis's complaint alleges that "Defendant retaliated against Plaintiff by reassigning him to a job which Defendant knew would exacerbate Plaintiff's disabilities." ECF No. 1 ¶ 8. Davis presented evidence that he was assigned to Unit 40 against his wishes and under circumstances that would exacerbate problems with his knees. He also presented evidence that Phillips 66's discharge of him was retaliatory.

To demonstrate an adverse employment action for purposes of a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially

3

adverse . . . ." *Burlington No. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (retaliation standard applicable to Title VII retaliation claims).[1] A termination is an adverse employment action for purposes of a retaliation claim. *See Ray v. Henderson*, 217 F.3d 1234, 1242-1243 (9th Cir. 2000) (distinguishing between "ultimate employment actions" such as termination and other actions that may constitute adverse employment actions). The jury found that Defendant discharged Plaintiff. (ECF No. 153, Question No. 2).

A reassignment to another position may be an adverse employment action. Indeed, "the EEOC has consistently found '[r]etaliatory work assignments' to be a classic and 'widely recognized' example of 'forbidden retaliation.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 71 (2006) (quoting 2 EEOC 1991 Manual § 614.7, pp. 614-31 to 614-32). However, reassignment is not automatically actionable as an adverse action. *See id.* 548 U.S. at 71. "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* The question is whether "a jury could reasonably conclude that the reassignment of responsibilities would have been materially adverse to a reasonable employee." *Id.* Regarding Plaintiff's allegation that his reassignment to Unit 40 was an adverse employment action, the jury found it was not. ECF No. 153 at 2.

As it must, the Court accepts the jury's findings that Plaintiff's termination, but not his reassignment, was an adverse employment action. It continues its analysis of his claim only as to the adverse action of termination.

### 3. But-For Causal Link

In *Nassar*, the Supreme Court mandated that a "but-for" causation standard be applied to Title VII retaliation claims.[2] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for

---

[1] Because ADA retaliation claims are subject to the same analytical framework as that of Title VII, the definition of an adverse employment action for purposes of Title VII also applies to Plaintiff's ADA retaliation claim. *See Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir. 2003).
[2] *See* note 1, *supra*.

4

causation, not the lessened causation test stated in § 2000e-2(m)."). To establish a retaliation claim, the plaintiff must therefore "establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Id.* at 362.

Since *Nassar*, the Ninth Circuit has adopted *Nassar's* but-for causation standard as the causation standard for ADA retaliation claims. *T.B. v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) ("In [*Nassar*], the Court held that the standard for the 'causal link' is but-for causation, a more stringent test. Other circuit and district courts have applied *Nassar* to ADA retaliation claims, and we do as well.").

On the element of causation, both the jury's findings and the weight of the evidence compel this Court to hold that Davis's protected activity was not the but-for cause of his termination. While the jury did find that Davis's opposition to not being given a reasonable accommodation was a substantial motivating reason for Davis's discharge, ECF No. 153 at 1, the jury also found that Phillips 66's stated reason, that Davis "misrepresented and distorted information related to his sick leave and his refusal to explain the circumstances related to his absence," was also a substantial motivating reason for Davis's discharge, *id.* at 2. The jury further found that Phillips 66 would have discharged Davis anyway, based upon the same misrepresentations, distortions, and refusals, even if Phillips 66 had not also been substantially motivated by retaliation. *Id.* In other words, Davis's protected activity was not the "but-for" cause of his termination because Phillips 66 would have terminated him anyway.

The jury's determination was supported by the weight of the evidence. It was evident to the Court, as it was to Phillips 66 managers, that Davis provided selective and incomplete medical information to his medical care providers for the purpose, not of receiving adequate medical care, but of ensuring that they would recommend that they would restrict him from those job duties he no longer wanted to perform. Davis's attempts to use his medical providers in this way resulted in medical notes which so greatly conflicted with each other that the only reasonable conclusion is that Davis changed the information he gave his doctors from one visit to the next to suit his workplace goals. Indeed, at one meeting with Phillips management, in response to questions about conflicts in the recommendations by Davis's medical providers, he repeatedly inquired,

5

"what do you need my doctor's note to say?" The reason he asked that question is that he intended to yet again tailor the information he provided his medical care providers to maximize his chances of getting the workplace assignment he wanted, not so he could receive good medical care. These efforts were transparent to Phillips 66.

Because Phillips 66 doubted Davis's credibility, it could reasonably doubt the credibility of medical diagnoses based largely or entirely on his statements, particularly given the conclusions of Phillips 66's on-site medical providers that Davis was able to perform all job duties without difficulty. His manipulation of his medical care providers, combined with his refusal to provide Phillips with enough information about his medical condition to resolve the conflicts in the recommendations of those providers, was both a proper basis for termination and the actual reason for his termination. In other words, although the Court is bound by the jury's factual finding on this point, the Court would have reached the same conclusion independently based on the evidence presented at trial.

### B. Pretext

Because Defendant carried its burden of demonstrating a legitimate, non-retaliatory reason for Plaintiff's termination, the burden shifted back to Plaintiff to prove that the reason given by Defendant was pretextual. *Curley,* 772 F.3d at 632. The Court finds that Plaintiff did not carry his burden as to this element. Plaintiff provided no evidence of pretext. Also, the Court's determination is consistent with the jury's finding that Defendant would have discharged Plaintiff anyway at the time it discharged him for a non-retaliatory reason. ECF No. 153 at 2.

### C. Mixed Motive Defense

Although this Court not need reach the question of Defendant's mixed motive defense, the jury's verdict compels dismissal of Plaintiff's ADA retaliation claim on those grounds as well.

In retaliation cases under the ADA, the employer can assert a mixed-motive defense. *See Metoyer v. Chassman*, 504 F.3d 919, 939-940 (9th Cir. 2007). Under this defense, an employer can avoid liability for retaliation by showing that it would have made the same decision absent any impermissible motivation. *Id.* This affirmative defense shields an employer from liability when an adverse action is based both on protected and unprotected activities; the employer has the

burden of "proving that it would have made the same decision in the absence of" the protected activity. *Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014) (citations omitted). This defense is the same as the "same decision" defense applicable to retaliation claims asserted pursuant to the California Fair Employment and Housing Act (FEHA), and which the Defendant presented to the jury during trial. *See Harris v. City of Santa Monica,* 56 Cal. 4th 203, 224 (2013) (setting forth same decision defense); *Alamo v. Practice Management Information Corp.*, 219 Cal. App. 4th 466, 469-470 (2013) (applying *Harris* same decision defense to FEHA retaliation claim).

The jury explicitly found in favor of Defendant on the "same decision" defense as to Plaintiff's FEHA retaliation claim, rendering Defendant the prevailing party on that claim. While the jury did find that Plaintiff's opposition to not being given a reasonable accommodation was a substantial motivating reason for Plaintiff's discharge (ECF. No. 153, Question No. 3), the jury also found that Defendant's stated reason, that Plaintiff misrepresented and distorted information related to his sick leave and his refusal to explain the circumstances related to his absence, was also a substantial motivating reason for Plaintiff's discharge (*id.* at Question No. 4). The jury then found that Defendant would have discharged Plaintiff anyway at that time, based upon his misrepresentation and distortion of the information related to his sick leave and his refusal to explain the circumstances related to his absence, had Defendant not also been substantially motivated by retaliation. (*Id.* at Question No. 5.) These findings compel a finding that Defendant has met its burden of proving the mixed motive defense as to Plaintiff's ADA retaliation claim. Accordingly, this Court holds that even if Plaintiff had proven a *prima facie* case of ADA retaliation, Plaintiff still would not prevail on this claim, because Defendant prevails on its mixed motive defense.[3]

/ / /

/ / /

/ / /

/ / /

---

[3] Based upon the Court's findings, the Court does not need to address the remaining affirmative defenses pled in the Answer.

7

## CONCLUSION

For the reasons stated above, Plaintiff's ADA retaliation claim is denied and Defendant is the prevailing party as to that claim. Defendant is to prepare a proposed form of judgment and submit it within ten (10) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 26, 2018

_____
JON S. TIGAR
United States District Judge