UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN E. DAVIS, <br>     Plaintiff, <br> v. <br> PHILLIPS 66, <br>     Defendant. | Case No. 17-cv-00128-JST <br><br> **ORDER DENYING MOTION FOR ATTORNEYS' FEES** <br> Re: ECF No. 177 |

Before the Court is Plaintiff Franklin E. Davis's motion for costs and attorneys' fees. ECF No. 177. For the reasons discussed below, the Court will deny the motion.[1]

## I.   BACKGROUND

Davis filed this action against Defendant Phillips 66 Company alleging the following claims: Count One - Disability Discrimination (Americans with Disabilities Act ("ADA")); Count Two - Disability Discrimination (state law); Count Three - Failure to Reasonably Accommodate (state law); Count Four – Failure to Engage in the Interactive Process (state law); Count Five – Harassment (state law); Count Six – Retaliation (ADA); Count Seven – Retaliation (state law); and Count Eight – Failure to Prevent Retaliation (state law). ECF No. 1. The Court dismissed Counts One through Five on summary judgment prior to trial. ECF Nos. 39, 109. Counts Seven and Eight were tried to a jury, which returned a verdict in Phillips 66's favor. ECF No. 153. Count Six, an equitable claim, was tried to the Court, and decided in Phillips 66's favor. ECF No. 172. Davis moves for costs and attorneys' fees on the grounds that the jury found that Davis's

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument, and hereby vacates the hearing scheduled for October 25, 2018.

opposition to not being given a reasonable accommodation was a substantial motivating reason for Phillips 66's discharge of Davis. ECF No. 153 at 1 (Question No. 3).

**II.     LEGAL STANDARD**

The "[c]alculation of attorney's fee awards in cases brought under state law is a substantive matter to which state law applies." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 809 (9th Cir. 2018). California Government Code Section 12965(b) provides that for actions brought under the Fair Employment and Housing Act ("FEHA"), "the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs." Whether a party has prevailed is determined "on a practical level . . . by analyzing the extent to which each party has realized its litigation objectives." *Bustos v. Glob. P.E.T., Inc.*, 19 Cal. App. 5th 558, 562-63 (2017) (internal citations omitted). The decision to award attorneys' fees "may take into account the scale of the plaintiff's success, and it must not encourage 'unnecessary litigation of claims that serve no public purpose either because they have no broad public impact or because they are factually or legally weak.'" *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 235 (2013) (quoting *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1173 (1998)).

One of the purposes of the FEHA is "to provide effective remedies that will . . . prevent and deter unlawful employment practices." *Harris*, 56 Cal. 4th at 225 (quoting Cal. Gov. Code § 12920.5). Therefore, "a same-decision showing by an employer is not a complete defense to liability when the plaintiff has proven that discrimination on the basis of a protected characteristic was a substantial factor motivating the adverse employment action." *Id.* Because one of the purposes of the FEHA is to "benefit . . . the public at large," a plaintiff may be eligible for "reasonable attorney's fees and costs expended for the purpose of redressing, preventing, or deterring . . . discrimination." *Id*. at 230, 235.

Like the FEHA, the ADA contains a fee-shifting provision, which provides that "the court . . . , in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 12205. The Supreme Court has interpreted the ADA's definition of "prevailing party" to mean "one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W.*

2

*Va. Dep't of Health & Human Res.*, 532 U.S. 598, 628 (2001). In other words, a prevailing plaintiff must achieve a "judicially sanctioned change in the legal relationship of the parties." *Id*. at 605. The requisite change in the parties' legal relationship occurs when a "plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)).

**III. DISCUSSION**

**A. State Law Claims**

Davis argues that he is entitled to recover fees under Section 12965(b), pursuant to *Harris*, 56 Cal. 4th 203. ECF No. 177 at 2-3.

In *Bustos*, the California Court of Appeal "emphasize[d] that *Harris* does not require the trial court to award attorney fees to any [FEHA] plaintiff who proves discrimination was a substantial motivating factor of an adverse employment decision." 19 Cal. App. 5th at 564. Accordingly, a court does not abuse its discretion by declining to award fees under Section 12965(b) where "a jury found that [the plaintiff's] physical condition or perceived physical condition was 'a substantial motivating reason' for his termination, but nevertheless returned defense verdicts on each of his claims." *Id.* at 561. "It is not beyond reason to conclude that a plaintiff who obtains no relief at trial – either monetary or equitable – has not 'realized [his] litigation objectives,' regardless of whether one or more preliminary questions on a special verdict form were answered in his favor." *Id.* at 564 (quoting *Castro v. Superior Court*, 116 Cal. App. 4th 1010, 1023 (2004)).

Here, Davis's sole argument for why the Court should exercise discretion to award fees is that the jury made an intermediate finding that Davis's opposition to not being given a reasonable accommodation was a substantial motivating reason for Phillips 66's discharge of Davis. ECF No. 153 at 1 (Question No. 3). Although the jury ultimately found that Phillips 66 would have reached the same decision absent any such retaliatory motivation,[2] Davis reasons that the jury's

---

[2] The jury concluded that, regardless of any retaliatory motivations, Phillips 66 would have discharged Davis for "his misrepresentation and distortion of the information related to his sick leave

3

intermediate finding necessarily demonstrates that his claim had merit and served a public purpose of deterring discrimination. ECF No. 184 at 4.

Having considered the circumstances of this case, the Court declines to exercise its discretion to award attorneys' fees. Davis has offered no rationale to differentiate his case from any other case in which a FEHA plaintiff loses on a same-decision defense. His argument therefore amounts to a requirement that the trial court award fees in this situation, which *Bustos* rejected. 19 Cal. App. 5th at 563. Davis has provided no evidence, for example, that his case was "indicative of a recurrent policy or practice" of discrimination at Phillips 66. *Harris*, 56 Cal. 4th at 230. Moreover, the Court notes the close relationship between Davis's protected activity in asking for an accommodation and Davis's own misconduct in "provid[ing] selective and incomplete medical information to his medical care providers for the purpose, not of receiving adequate medical care, but of ensuring that they would recommend [Phillips 66] restrict him from those job duties he no longer wanted to perform." ECF No. 172 at 4-5.; *cf. Sheppard v. Riverview Nursing Ctr., Inc.*, 88 F.3d 1332, 1336 (4th Cir. 1996) ("Some mixed-motive cases will evidence a widespread or intolerable animus on the part of a defendant; others will illustrate primarily the plaintiff's unacceptable conduct which, by definition, will have justified the action taken by the defendant.").

### B. Federal Law Claim

Davis's motion for costs and fees did not cite any federal authority and did not indicate that Davis was seeking fees based on his federal ADA claim. It is unclear whether Davis's discussion of federal authority in his reply brief is intended to request fees under 42 U.S.C. § 12205. *See* ECF No. 184 at 2-3. Ordinarily, the Court does not entertain arguments made for the first time on reply. *See, e.g.*, *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, No. 13-CV-02218-JST, 2013 WL 5228101, at *4 (N.D. Cal. Sept. 17, 2013) ("The Court does not consider new facts or argument made for the first time in a reply brief.") (citing *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006)).

---

and his refusal to explain the circumstances related to his absence." ECF No. 153 at 2 (Question Nos. 4, 5).

4

Even were the Court to consider this newly raised argument, however, Davis is not a prevailing party eligible for attorneys' fees under the ADA. The Court decided Davis's ADA claim on the merits in Phillips 66's favor and granted Davis no relief. ECF No. 172. Accordingly, Davis did not obtain a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 605.[3]

## CONCLUSION

Davis's motion for costs and attorneys' fees is hereby denied.

**IT IS SO ORDERED.**

Dated: October 10, 2018



JON S. TIGAR
United States District Judge

---

[3] In contrast to the ADA, Title VII contains a fee-shifting provision, 42 U.S.C. § 2000e-5(g)(2)(B), that expressly authorizes a plaintiff to recover fees where a defendant prevails on a mixed-motive defense. *See Shaw v. City of Sacramento*, 250 F.3d 1289, 1294 (9th Cir. 2001). Davis's reliance on cases involving Title VII claims, *see Norris v. Sysco Corp.*, 191 F.3d 1043, 1051 (9th Cir. 1999), is therefore misplaced.